**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**ASSOCIATED FINANCIAL CORPORATION,**
**ET AL.,**

                 **Plaintiffs,**

       **- against -**

**KLECKNER, ET AL.,**

                **Defendants.**
_____

**09 Civ. 3895 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiffs, Associated Financial Corporation and
Community Housing Enterprises, Inc. (collectively, the "AFC
Parties"), brought this action against the defendants, Stanley
M. Kleckner, Lloyd Shields, and Polar International Brokerage
Corporation ("Polar") (collectively, the "Polar Parties").  The
plaintiffs have voluntarily dismissed their claims against
defendant Mr. Shields pursuant to Federal Rule of Civil
Procedure 41(a)(1)(A)(i).  Defendants Polar and Mr. Kleckner
move to dismiss the complaint pursuant to Rule 12(b)(6).  The
defendants also seek sanctions against the plaintiffs' counsel
pursuant to Rule 11.


I

In deciding a motion to dismiss pursuant to Rule 12(b)(6),
the allegations in the complaint are accepted as true, and all
reasonable inferences must be drawn in the plaintiff's favor.

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Arista Records LLC v. Lime Group LLC, 532 F. Supp. 2d 556, 566 (S.D.N.Y. 2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  Id.; see also SEC v. Rorech, 673 F. Supp. 2d 217, 221 (S.D.N.Y. 2009).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.  See Chambers v. Time

Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Rorech,
673 F. Supp. 2d at 221.


                              II

     The parties have a somewhat complicated history together.
In 1992, Hurricane Andrew damaged property owned by the
plaintiffs.  The plaintiffs and defendants Polar, an insurance
brokerage firm, and Mr. Kleckner, Polar's president, became
involved in litigation in federal court in Louisiana concerning
an alleged kickback scheme in connection with hurricane damage
repairs, Bacmonila Apartments, Ltd. v. Travelers Indemnity Co.,
No. CV 94-1092 (W.D. La.) (the "Bacmonila litigation").  The
parties were also involved in a related action brought in this
Court, Meadowbrook-Richman, Inc. v. Associated Financial Corp.,
No. 98 Civ. 5300 (S.D.N.Y.) (the "Meadowbrook litigation").  The
parties settled the Meadowbrook litigation pursuant to a
Settlement and Release Agreement ("SAR").  (Am. Compl. ¶ 2.)

     Polar and Mr. Kleckner subsequently sued the AFC Parties in
New York state court for indemnification for money Polar and Mr.
Kleckner spent defending the Bacmonila litigation.  The
Appellate Division, reversing the trial judge, dismissed that
action, finding that it was in violation of a covenant not to
sue in paragraph II.G of the SAR.  Polar Int'l Brokerage Corp.
v. Richman, 820 N.Y.S.2d 584, 587 (App. Div. 2006).  The AFC

Parties then brought a motion in the same state court proceeding seeking attorneys' fees and costs in the amount of $153,226.60, plus interest, which they incurred defending the then-dismissed state court action.  Justice Fried, the trial judge, denied that motion.  Polar Int'l Brokerage Corp. v. Richman, No. 601213-2003, slip op. (N.Y. Sup. Ct. Jan. 15, 2009) (attached as Ex. D to the Yellen Decl.), aff'd, 901 N.Y.S.2d 153 (App. Div. 2010). The AFC Parties argued that they were entitled to fees and costs based on paragraph III.G of the SAR, which provides:

> Enforcement of this Agreement.  The Parties agree that the United States District Court for the Southern District of New York shall be the exclusive venue for the resolution of any claim arising out of or related to this Agreement.  In any such proceeding to enforce this Agreement, in whole or in part, the prevailing Party shall be awarded its actual costs and attorneys' fees.

(Yellen Decl. Ex. E, at 12.)  Justice Fried found that paragraph III.G only allowed for legal fees to be recovered by the prevailing party in a proceeding in this Court, not in New York state court.  Polar Int'l, No. 601213-2003, at 2.  Moreover, Justice Fried found that the AFC Parties' motion should be denied because they did not argue that venue in the state court was improper or give the Polar Parties notice of their application for fees in their original motion to dismiss the state court action.  Id. at 3.  The Appellate Division affirmed the trial court's decision, finding that paragraph III.G of the

4

SAR did not provide a basis for legal fees in an action in New York state court. Polar Int'l Brokerage Corp. v. Richman, 901 N.Y.S.2d 153 (App. Div. 2010).

The AFC Parties then brought this action in this Court. They allege two causes of action against defendants Polar and Mr. Kleckner. First, they allege that the defendants breached the covenant not to sue provided in paragraph II.G of the SAR and ask for damages in the amount of $153,226.60, plus interest, and their attorneys' fees incurred in bringing this action. (Am. Compl. ¶ 45.) The damages the AFC Parties seek are in the same amount as the attorneys' fees they sought in the state action. Second, the AFC Parties allege promissory fraud against defendants Polar and Mr. Kleckner for allegedly agreeing to the SAR with the intention of breaching the covenant not to sue. Again, the AFC Parties seek damages in the amount of $153,226.60, plus interest, and their attorneys' fees incurred in bringing this action. (Am. Compl. ¶ 50.) The defendants now move to dismiss this action.


III

The defendants argue that this action is barred by the doctrine of res judicata. Under the full faith and credit statute, federal courts afford state court judgments the same preclusive effect as would other courts in that state. 28

U.S.C. § 1738; see also Hickerson v. City of N.Y., 146 F.3d 99, 103 (2d Cir. 1998).  Therefore, New York law governs this Court's res judicata analysis.  Under New York's res judicata doctrine, after the final adjudication of a claim on the merits, all other claims between the same parties "arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." O'Brien v. City of Syracuse, 429 N.E.2d 1158, 1159 (N.Y. 1981); see also EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 397 (2d Cir. 1997).  Res judicata bars not only claims that were actually brought but also claims that could have been brought in the prior litigation.  See In re Hofmann, 733 N.Y.S.2d 168, 172 (App. Div. 2001); see also Clarkstown Recycling Ctr., Inc. v. Parker, Chapin Flattau & Klimpl, LLP, 1 F. Supp. 2d 327, 329 (S.D.N.Y. 1998).

New York, unlike the federal system, does not have a compulsory counterclaim rule, and, therefore, res judicata does not bar claims that could have been raised by the defendant as counterclaims in a previous action but were not actually raised. See Pace v. Perk, 440 N.Y.S.2d 710, 719-20 (App. Div. 1981); see also N.Y. C.P.L.R. 3019; Fed. R. Civ. P. 13(a).  However, a defendant may not refrain from bringing a counterclaim in the first action and then bring a second action that would undermine "the rights or interests established in the first action."

Eubanks v. Liberty Mortg. Banking Ltd., 976 F. Supp. 171, 173
(E.D.N.Y. 1997) (quoting Henry Modell & Co. v. Minister, Elders
& Deacons of the Reformed Protestant Dutch Church, 502 N.E.2d
978, 980 (N.Y. 1986)).  "While New York does not have a
compulsory counterclaim rule (see, CPLR 3011), a party is not
free to remain silent in an action in which he is the defendant
and then bring a second action seeking relief inconsistent with
the judgment in the first action by asserting what is simply a
new legal theory."  Modell, 502 N.E.2d at 980.

        First, the plaintiffs urge that the doctrine of res
judicata does not apply in this case because there was no final
adjudication on the merits in state court.  The plaintiffs argue
that the Appellate Division did not reach the merits of their
claim for legal fees because it allegedly found that pursuant to
paragraph III.G of the SAR, the proper forum for the AFC
Parties' claims was this Court and not New York state court.
That is an incorrect reading of the Appellate Division's
decision.  The Appellate Division, like the trial court, found
that paragraph III.G of the SAR only provided a basis for the
recovery of legal fees for the prevailing party in this Court
and, therefore, rejected the AFC Parties' motion "seeking
attorneys' fees pursuant to paragraph III.G of the SAR" for
prevailing in an action in state court.  Polar Int'l, 901
N.Y.S.2d at 154; see also Polar Int'l, No. 601213-2003, at 2.

Both the Appellate Division and the trial court reached a final decision on the merits because they rejected the contractual basis for the AFC Parties' claim.

Next, the plaintiffs argue that their claims in this case do not arise out of the "same transaction or series of transactions" as the claims decided by the state court. However, the plaintiffs' two claims in this case seek damages as a result of the defendants' (1) alleged breach of the SAR's covenant not to sue and (2) alleged promissory fraud in entering into the SAR. Both of these claims arise out of the fact that the Polar Parties sued the AFC Parties in New York state court, the same transaction that was the basis for the AFC Parties' motion for legal fees in state court. The damages the plaintiffs seek are plainly the attorneys' fees they incurred defending the New York state court action, which are the same fees the AFC Parties sought in their motion that was denied by Justice Fried. The fact that the plaintiffs no longer explicitly assert paragraph III.G of the SAR as a basis for these fees, but rather seek the fees under different theories, does not exempt their claims from the bar of res judicata. See Modell, 502 N.E.2d at 980; O'Brien, 429 N.E.2d at 1159. Allowing the plaintiffs to assert their claims for legal fees in this Court, after they have lost claims for the same legal fees in state court, would be directly contrary to the New York state

8

doctrine of res judicata, which precludes a defendant from seeking relief in a second action that is inconsistent with the judgment in the first action, namely the denial of the request for the same fees in the state court action.

The question remains whether the AFC Parties' current claims for attorneys' fees could have been brought in the prior New York state court action in the face of the SAR's forum selection clause. In light of the fact that both the New York trial court and the Appellate Division actually considered the merits of the AFC Parties' claim for attorneys' fees based on paragraph III.G of the SAR, it cannot be said that their claims brought in this Court could not have been brought in the New York state court action. Moreover, the AFC Parties argued that the New York state court had the power to award attorneys' fees because the Polar Parties waived any "right to rely on the exclusive forum provision" as a defense by originally bringing suit in New York state court. See Polar Int'l, No. 601213-2003, at 2. The New York state courts decided the claims for legal fees on the merits. While Justice Fried's opinion does state that he does not believe that the Polar Parties waived their rights to the exclusive forum selection clause by bringing suit in state court, that was dicta and was not the basis for the trial court's denial of the AFC Parties' motion for attorneys' fees. See id. at 3. Likewise, the Appellate Division affirmed

Justice Fried's denial on the grounds that paragraph III.G did not provide a contractual basis for the recovery of attorneys' fees in state court, not because venue was improper.  See Polar Int'l, 901 N.Y.S.2d at 154.  Because the Polar Parties brought their action in the New York state court, arguably in violation of the forum selection clause, and the AFC Parties sought attorneys' fees in that action for the costs of defending that action, and that claim was decided on the merits, there is no basis to conclude that the forum selection clause would have precluded the AFC Parties from pursuing all of their claims for attorneys' fees in that forum.

Finally, the fact that New York is a permissive counterclaim jurisdiction does not remove the AFC Parties' claims from the bar of res judicata.  This is not a case where the defendant in the previous action chose to remain silent and preserve its counterclaims for a later suit.  Rather, despite the fact that New York does not have a compulsory counterclaim rule, the AFC Parties chose to bring their motion for attorneys' fees in the state court action.  They now seek to bring additional claims based on new legal theories arising out of the same transaction as that state court motion.  This is precisely the kind of repetitive litigation that the New York res judicata rules seek to prevent.  It is useful to note that had the AFC Parties not brought a post-judgment motion before Justice Fried

and instead brought a separate action for attorneys' fees under paragraph III.G of the SAR, that action would have been permitted under New York's permissive counterclaim rule. However, if that claim were then denied by the trial court, it is plain that the AFC Parties would be barred from bringing a second action claiming breach of the SAR's covenant not to sue and promissory fraud, because those would be claims that arose from the same transaction as the first claim.  See Modell, 502 N.E.2d at 980; O'Brien, 429 N.E.2d at 1159.  The AFC Parties cannot avoid New York's res judicata rules by asserting their first claim as a postjudgment motion, and upon losing, bringing successive claims in this Court.

Likewise, while federal courts in other circuits have held that a party need not assert even a compulsory counterclaim in an improper forum in order to avoid being barred by res judicata from bringing that claim in the proper forum, see, e.g., Publicis Commc'n v. True N. Commc'ns Inc., 132 F.3d 363, 366 (7th Cir. 1997); Water & Sand Int'l Capital, Ltd. V. Capacitive Deionization Tech. Sys., Inc., 563 F. Supp. 2d 278, 284 (D.D.C. 2008), that theory does not save the plaintiffs here.  This is not a case where the defendant in the allegedly improper forum abstained from bringing its counterclaims out of a belief that the forum was improper.  Rather, the AFC Parties brought their claim for attorneys' fees in state court and based that claim on

11

the same paragraph of the contract that included the clause
providing that this Court was the exclusive venue for "any claim
arising out of or related to" the SAR.  The AFC Parties cannot
now assert that the New York state court decision, including the
decision on the motion for attorneys' fees, should have no
preclusive effect because the original litigation was allegedly
brought by the Polar Parties in the wrong forum.

For all of these reasons, the plaintiffs' claims for breach
of the SAR and for promissory fraud are barred by the doctrine
of res judicata and should be dismissed.[1]

In any event, even if the plaintiffs' claims were not
barred by res judicata, they would fail on the merits.  The
first claim argues that the defendants violated the covenant not
to sue in paragraph II.G of the SAR, but the only damages are
the legal fees for defending the state court action.  Under the
American Rule, legal fees are not generally recoverable for
breach of a covenant not to sue unless there is a separate

---

[1] In their reply brief, the defendants, for the first time, raised the
argument that this Court lacks subject-matter jurisdiction to hear the
plaintiffs' claims under the Rooker-Feldman doctrine.  See Dist. of Columbia
Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust
Co., 263 U.S. 413 (1923).  That doctrine prohibits lower federal courts from
exercising jurisdiction over "cases brought by state-court losers complaining
of injuries caused by state-court judgments rendered before the district
court proceedings commenced and inviting district court review and rejection
of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S.
280, 284 (2005).  The Supreme Court has cautioned "that Rooker-Feldman and
preclusion are entirely separate doctrines."  Hoblock v. Albany Cnty. Bd. of
Elections, 422 F.3d 77, 85 (2d Cir. 2005) (citing Exxon Mobil, 544 U.S. at
280).  Because the parties did not brief the issue and because the Court
finds that the AFC Parties' claims are barred by res judicata in any event,
the Court declines to address whether the plaintiffs' claims are also barred
by the narrower Rooker-Feldman doctrine.

contractual provision providing for such a recovery or unless the suit was brought in obvious breach of the covenant or otherwise brought in bad faith.  See Artvale, Inc. v. Rugby Fabrics Corp., 363 F.2d 1002, 1008 (2d Cir. 1966) (finding that a covenant-not-to-sue's "primary function is to serve as a shield rather than as a sword"); Kamfar v. New World Restaurant Group, Inc., 347 F. Supp. 2d 38, 51-52 (S.D.N.Y. 2004).  There is such a provision in this case, but, as the New York courts have already found, that provision applies only to actions brought in this Court and does not provide a basis for the recovery of fees incurred in state court.  The AFC Parties recognize as much and no longer assert paragraph III.G of the SAR as a basis for their claims.  Furthermore, the AFC Parties have not alleged a plausible claim that the Polar Parties' state court suit was brought in obvious breach of the covenant not to sue or otherwise brought in bad faith.  Indeed, Justice Fried initially found that discovery was necessary to determine whether the Polar Parties breached the covenant not to sue, but that finding was later reversed by the Appellate Division.  Polar Int'l Brokerage Corp. v. Richman, No. 601213/03, slip op. (N.Y. Sup. Ct. Dec. 10, 2004) (attached as Ex. C to the Yellen Decl.), rev'd, 820 N.Y.S.2d at 584.  Therefore, under the American Rule, the plaintiffs' claim in Count I must fail.

Moreover, the plaintiffs' claim for promissory fraud in Count II is also without merit.  "[W]here a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform . . . the contract between the parties, the fraud claim is redundant and plaintiff's sole remedy is for breach of contract."  Sudul v. Computer Outsourcing Servs., 868 F. Supp. 59, 62 (S.D.N.Y. 1994).  The only basis for the plaintiffs' fraud claim is that the defendants' allegedly did not disclose that they did not intend to abide by the SAR's covenant not to sue.  That is a classic duplicative claim that simply recites the plaintiffs' claim for breach of contract and does not state an independent cause of action for fraud. Therefore, the claim should be dismissed.

IV

The defendants have moved for sanctions against the plaintiffs' counsel pursuant to Rule 11.  It is unnecessary to address the merits of this motion because the defendants have failed to comply with the requirements of Rule 11.

Rule 11 provides that "[a] motion for sanctions must be made separately from any other motion."  Fed. R. Civ. P. 11(c)(2).  The defendants, contrary to the Rule, included their motion for sanctions within the papers on their motion to

14

dismiss.  Moreover, a party moving for sanctions must first serve the motion on the opposing party and withhold from filing the motion with the Court for twenty-one days to allow the opposing party to withdraw the challenged claim or contention. The defendants do not represent that they have complied with that requirement in this case.  This is not a case where the Court would exercise its independent authority to impose sanctions after an order to show cause pursuant to Rule 11(c)(3).  Therefore, the defendants' motion for Rule 11 sanctions is denied.

CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is **granted** and the defendants' motion for sanctions is **denied**.  The Clerk is directed to enter judgment dismissing this action and closing this case.

SO ORDERED.

Dated:  New York, New York
        August 2, 2010

John G. Koeltl
United States District Judge

15